**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

YAVONNE RELYEA,

                              Plaintiff,

    - v -                                                   Civ. No. 5:11-CV-956
                                                                           (MAD/RFT)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

**APPEARANCES:**                                 **OF COUNSEL:**

ALEX C. DELL LAW FIRM                  JENNIFER L. STORM, ESQ.
Attorney for Plaintiff
450 New Karner Road
Albany, New York 12205

SOCIAL SECURITY ADMINISTRATION    MONIKA K. PROCTOR, ESQ.
Attorney for Defendant
Office of Regional General Counsel
Region II
26 Federal Plaza – Room 3904
New York, New York 10278

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      On August 12, 2011, Plaintiff Yavonne Relyea initiated this action, pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security denying his application for disability benefits. *See* Dkt. No. 1. In accordance with General Order 18, Defendant filed an Answer along with the Administrative Transcript. Dkt. Nos. 7-8. And, in accordance with the time frame established in General Order 18, Plaintiff's Brief in this matter was due on March 2, 2012. On May 10, 2012, Plaintiff filed a substitution of counsel notice and a request for a three-week extension. Dkt. Nos. 12 & 13. Upon securing the Commissioner's consent to the extension request, Dkt. No. 14, this Court issued an Order granting the Plaintiff a three-week extension to file

her brief, which would have been due by June 5, 2012, Dkt. No. 15.

When Plaintiff failed to file her brief timely, the Court issued the following Order:

> ORDER ADVISING OF POTENTIAL TERMINATION OF CLAIM: This Court granted Relyea an extension of time to file her Brief. Her Brief was due on June 5, 2012. Twice Chambers provided reminders to Relyea's Counsel that the Brief is due. This is the final notice. If the Brief is not filed by June 22, 2012, the Court will deem the action abandoned and the matter will be dismissed.

Dkt. No. 16, Text Order, dated June 12, 2012.

To date, the Court has received neither a brief nor further correspondence from Plaintiff. It appears as if the Plaintiff is not interested in further prosecuting this matter and has abandoned her claim.

Now, upon careful consideration of the Plaintiff's Complaint and the Defendant's Answer, and there being no other papers to consider, it does, in fact, appear that the Plaintiff has failed to prosecute this matter. N.D.N.Y.L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); *see also* FED. R. CIV. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962) (recognizing the federal court's inherent power to dismiss an action with prejudice because of the plaintiff's failure to prosecute and that Rule 41(b), which authorizes a defendant to move for such relief, does not divest a court of its inherent power to do same upon its own motion).

### III. CONCLUSION

For the reasons stated herein, it is

**RECOMMENDED**, that this matter be **dismissed** due to Plaintiff's failure to prosecute; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and

Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   July 2, 2012
         Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge